FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 26 AM 9: 53

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MARV-A-LES AIR CHARTERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEA TOW SERVICES ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Case No. CV406-148 |

## ORDER

Before the Court are plaintiff's motion for an extension of the discovery period and defendant's motion to compel certain discovery and for a protective order. Docs. 22, 23.

Defendant removed the instant case to this Court on June 22, 2006 and filed its answer and counterclaims on June 29, 2006. Docs. 1, 4. The Court's original scheduling order provided that the discovery period would close on November 24, 2006, but the Court subsequently extended the period by sixty days, until January 23, 2007. Docs. 15, 21.

Defendant served plaintiff with its first interrogatories and first request for production of documents on November 22, 2006. Doc. 22, Exs.

A,B. On the same day, defendant noticed three depositions to be conducted in Savannah on January 15, 2007. Id., Exs. C-E. Plaintiff failed to respond to defendant's discovery requests, leading defense counsel to send a letter to plaintiff's counsel on January 9, 2007 requesting responses by January 12, 2007. Id., Ex. F. Plaintiff's counsel informed defendant on January 12, 2007 that they were withdrawing from their representation in the case. Doc. 22, Ex. G. As a result, the depositions scheduled for January 15, 2007 did not go forward and plaintiff never responded to defendant's interrogatories or request for production of documents. Id. On January 19, 2007, plaintiff's counsel confirmed to defendant that they were withdrawing from the case. Id. Plaintiff's counsel also informed defendant that they were forwarding written discovery requests and noticing certain depositions. Id., Exs. G-J. Defendant informed plaintiff that it would not respond to the discovery requests since the answers were not due within the discovery period. Id., Ex. G.

Plaintiff filed its motion for an extension of the discovery period on January 22, 2007. Doc. 23.[1] Plaintiff seeks this extension in order to retain

---

[1] Defendant filed its motion to compel and for a protective order that same day. See Doc. 22.

substitute counsel and conclude discovery since its attorneys have been in the process of withdrawing from the case for several months. Id. Defendant responded to this motion stating that it has no position with regard to the motion but noting that it was not abandoning its motion to compel and for a protective order. Doc. 24. Plaintiff's counsel contends that they notified plaintiff of their intent to withdraw from representation on November 17, 2006 and that they filed their notice of withdrawal in this Court on December 18, 2006. Doc. 23. Plaintiff's counsel, however, failed to file their motion until February 13, 2007. Doc. 26. The district judge denied this motion on March 12, 2007. Doc. 27. Plaintiff's counsel then filed a renewed motion to withdraw, which the district judge granted on April 4, 2007. Docs. 28, 29. In light of this history and following a telephone conference with the undersigned, defense counsel submitted a proposed modified scheduling order extending the discovery period until June 4, 2007. Plaintiff's motion for an extension of the discovery period is GRANTED.[2]

---

[2]Defendant also submitted a proposed protective order to guard against the disclosure of confidential information exchanged during discovery. The Court finds that the protective order is reasonable and enters it contemporaneously with this Order.

Defendant has filed a motion to compel responses to the interrogatories and request for production of documents that it served on plaintiff but to which plaintiff never responded. Doc. 22. Defendant also seeks to compel certain depositions that they noticed but which never occurred. Id. Plaintiff has failed to file a response to this motion, thereby indicating a lack of opposition. See Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Defendant's motion is GRANTED. Plaintiff is DIRECTED to respond to defendant's first interrogatories and first request for production within fifteen days from the date of this Order. Plaintiff is further DIRECTED to comply with any depositions noticed by defendant.

Defendant also seeks a protective order quashing plaintiff's discovery requests as well as the depositions noticed by plaintiff. Doc. 22. Defendant contends that it should be relieved from responding to these requests since they would require answers outside of the discovery period. Id. Since the Court has granted plaintiff's motion to extend the discovery period, defendant's motion for protective order is DENIED. Defendant is DIRECTED to respond to plaintiff's discovery requests within fifteen days

of ths Order and to comply with any depositions noticed by plaintiff.

Based on the foregoing, plaintiff's motion for an extension of the discovery period is GRANTED, defendant's motion to compel is GRANTED and defendant's motion for a protective order quashing plaintiff's discovery requests is DENIED.

SO ORDERED this 26th day of April, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA