FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 13 AM 10:30

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARV-A-LES AIR CHARTERS, LLC, )
                     Plaintiff, )
                     )
vs. ) Case No. CV406-148
                     )
SEA TOW SERVICES )
INTERNATIONAL, INC., )
                     Defendant. )

## O R D E R

The above-titled action was filed in the Superior Court of Chatham County, Georgia on June 16, 2006 and removed to this Court on June 22, 2006. Due to a conflict of interest, Plaintiff's counsel was permitted to withdraw on April 4, 2007. At that time, the Court advised Plaintiff that it should confer with opposing counsel regarding any discovery matters and move forward with the prosecution of its claim, in accordance with the Scheduling Order. Since that time Plaintiff has not made a single filing and has failed to participate in discovery as directed by Magistrate Judge Smith and this Court.

On July 3, 2007, Defendant filed the instant Motion to Dismiss. (Doc. 34.) First, Defendant seeks the dismissal of Plaintiff's claims. Second, it asks the Court to hold Plaintiff in contempt and award sanctions based on Plaintiff's failure to comply with the Court's Orders regarding discovery matters. Third, Defendant requests an award of attorney's fees and costs. Finally,

Defendant argues that it should be granted relief on its counterclaims. Plaintiff has failed to respond to this Motion.

Defendant's Motion to Dismiss is **GRANTED**. Pursuant to Local Rule 41.1, the Court may, after notice to counsel of record, dismiss any action with or without prejudice for want of prosecution. The Rule offers three examples of failures which might warrant dismissal: 1) failure to permit or provide discovery within the time set forth in an order compelling discovery; 2) willful disobedience or neglect of any order of the Court; or 3) any other failure to prosecute a civil action with reasonable promptness. L.R. 41.1(a)-(c). Plaintiff's behavior during the course of this action fits all three of these illustrations. Accordingly, Plaintiff's claims against Defendant are **DISMISSED**.

Further, the Court finds that Defendant is entitled to an award of attorney's fees and costs because of Plaintiff's failure to comply with the Magistrate's Order compelling discovery. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "the court shall require the party failing to obey [a court order compelling discovery] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." The Court finds no reason to excuse Plaintiff's neglect. Therefore, Defendant is entitled to an award of those costs and fees fairly attributable to its attempt to

force Plaintiff to participate in discovery. This award will include those expenses incurred in the drafting of the instant motion to dismiss. Defense counsel is **DIRECTED** to submit to the Court an account of the fees attributable to these matters along with the requisite time sheets and other documentation. After reviewing these filings, the Court will alert the parties as to the appropriate fee amount.

Finally, Defendant's Motion for Judgment in its favor on the counterclaims is **DENIED**.

SO ORDERED, this 13th day of August, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA