2009 SEP 17 AM 9:49

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARV-A-LES AIR CHARTERS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. CV406-148 ) |
| SEA TOW SERVICES INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) ) ) |

## O R D E R

Before the Court is Sea Tow Services International's ("STSI") Application for Default Judgment. (Doc. 45.) On June 12, 2009, this Court ordered STSI to remedy the deficiencies in its Application for Default Judgment. (Id.) Specifically, this Court stated that, "if [STSI] is truly interested in seeking attorney's fees, [STSI] is ORDERED to supplement its Motion with documentation sufficient to support a loadstar calculation." (Doc. 46.) Approximately ninety days have passed since that Order, and STSI has made no attempt to provide documentation. Accordingly, the Court finds that STSI is no longer interested in an award of attorney's fees, and this case is ready to proceed.

### BACKGROUND

This case arises out of the alleged breach of a franchise purchase agreement in 2003. (Doc. 1 at 7.) Specifically,

Plaintiff Marv-a-Les Charters ("Marv-a-Les") purchased a franchise agreement, allowing it to use STSI's trade name to perform salvage and towing operations along portions of the Georgia and South Carolina coast. (Id. at 6-7.) For over two years, Marv-a-Les operated successfully under the franchise agreement. (Id. at 7.) Then, on May 4, 2006, Marv-a-Les received a letter from STSI asserting non-compliance with the franchise agreement by Marv-a-Les. (Id.) The letter allotted Marv-a-Les thirty days to bring itself into compliance with the agreement. (Id. at 8.) In response, Marv-a-Les submitted a timeline for curing its non-compliance. (Id. at 8.) In spite of that timeline, on June 9, 2006, STSI informed Marv-a-Les that it "was terminating its franchise effective immediately." (Id. at 8.) Marv-a-Les brought this lawsuit for breach of contract in state court, claiming that the repudiation of the franchise agreement was improper. (Id. at 10.)

STSI removed the case to this Court. (Doc. 1.) Once removed, STSI filed an Answer and Counterclaim.[1] (Doc. 4.) Therein, STSI alleges that Marv-a-Les breached its franchise agreement by failing to "(a) maintain vessels in proper operating conditions, (b) maintain vessels in a proper location

---

[1] When considering a motion for default judgment, the factual allegations in the complaint are assumed to be true. Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Because this case involves default judgment on a counterclaim, the Court takes the allegations in the Answer and Counterclaim as true.

to minimize response time, (c) properly display STSI's famous trademarks, (d) secure proper insurance, (e) submit advertising for approval, (f) submit valid United States Coast Guard captain's licenses for all captains, (g) submit drug testing and CDAs for all employees, and (h) promptly respond to distress calls." (Id. at 8.) STSI further alleges that Marv-a-Les was given notice of these breaches and failed to remedy them in a timely manner. (Id.) In the Counterclaim, STSI sought $72,059.00 in unpaid fees and wrongful profits. (Id. at 8-9.) STSI also sought injunctive relief based on claims of trademark infringement and dilution. (Id. 9-14.)

Subsequent to the withdrawal of Marv-a-Les's attorneys, on April 26, 2007, the Magistrate Judge granted a Motion to Compel by STSI and ordered Marv-a-Les to respond to STSI's discovery requests. (Doc. 31.) Despite the Order to Produce, Marv-a-Les failed to provide the requested discovery. (Doc. 37.) Accordingly, the case was dismissed for want of prosecution. (Id.) STSI then filed a Motion for Entry of Default with respect to its counterclaims (Doc. 42), which was granted on May 30, 2008 (Doc. 43). Next, STSI submitted an affidavit proving damages. (Doc. 45.) However, because this affidavit provided no documentation supporting the amount of attorney's fees requested in this case, the Court ordered STSI to file documentation sufficient for a loadstar calculation prior to the

final entry of default judgment. (Doc. 46.) Defendant has not responded to this Order after approximately ninety days. Accordingly, the Court understands STSI to have abandoned its request for attorney's fees. The case is now ready to proceed.

**ANALYSIS**

There is no right to a default judgment; the matter is committed to the "discretion of the district court." Hamm v. Dekalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Only where the factual allegations of the complaint, which are assumed to be true, form a sufficient legal basis for the entry of the default judgment, will the Court enter a default judgment. Nishimatsu 515 F.2d at 1206.[2] Therefore, the Court must determine the sufficiency of the allegations in the complaint before entering judgment.[3] Nike, Inc. v. Lydner, 2008 WL 4426633, at *2 (M.D. Fla. Sept. 25, 2008).

I. Federal Trademark Infringment & Anti-Dilution Claim

Plaintiff brings a trademark infringement and anti-dilution claim under 15 U.S.C. § 1125. To be entitled to default judgment on this claim, Plaintiff must show "(1) that the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
[3] If necessary, the Court may hold a hearing to determine damages. Fed. R. Civ. P. 55(b)(2). However, after careful consideration, the Court sees no need for a hearing in this case.

Plaintiff had enforceable trademark rights in the mark or name, and (2) that the Defendant made unauthorized use of it 'such that consumers were likely to confuse the two.' " Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (quoting Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997)); see also Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 115 (2d Cir. 2001).

Here, the relevant factual allegations establish a violation of 15 U.S.C. § 1125. With respect to the first element, Marv-a-Les has conceded that STSI has enforceable trademark rights in its trade name in the initial Complaint. (Doc. 1, Compl. ¶¶ 3, 8.) With respect to the second element, STSI has pled that Marv-a-Les "falsely lead[s] those who call, access the yellow pages, see [Marv-a-Les] vessels in their slips and not on the yard under cover, or visit the Internet []to believ[e] that [Marv-a-Les] is affiliated with [STSI]." (Doc. 4, Countercl. ¶ 50.) For further proof, STSI offers pictorial evidence. (See id. ¶ 51.) Accordingly, the Court finds that this claim is adequately established for the purposes of awarding default judgment.[4]

---

[4] In the affidavit proving damages, STSI refers only to the damages it is entitled to recover under its claim for trademark infringement. (Doc. 45 at 1 n.1.) Accordingly, the Court only considers whether STSI sufficiently established that claim.

5

I. Damages

STSI seeks an award of $256,839.89[5] in damages. This figure is composed of $72,059 in money that STSI paid to Marv-a-Les for membership fees in advance of the June 9, 2006 termination of the franchise agreement. (Doc. 45 at 1.) STSI then trebles this number, pursuant to 15 U.S.C. § 1117(a), to reach the figure of $216,177. Finally, STSI applies New York law to assess prejudgment interest of 9%, arriving at the final sum of $256.839.89.[6] In support of this award STSI has submitted its financial records, showing the pro rata share of payments owed. (Doc. 45, Ex. B.) After careful consideration, the Court finds that the pleadings form a sufficient legal basis for the requested award of damages. Accordingly, Defendants are awarded damages in the amount of **$256,839.89**.

II. Injunctive Relief

STSI also seeks a permanent injunction against Marv-a-Les, prohibiting the continued use of its trademarks. (Doc. 14 at

---

Moreover, there is no need to consider the breach of contract claim because any recovery under the breach of contract claim, which seeks the same damages as the trademark claim, would constitute an impermissible double recovery. See Saparaco v. Lawler, Matusky, Skelly Eng'rs LLP, 313 F. Supp. 2d 247, 250 (S.D.N.Y. 2004).

[5] This figure refers to trebled actual damages with prejudgment interest only. STSI also requested $53,089.46 in attorney's fees. However, as explained above, the Court assumes that STSI is no longer interested in recovering attorney's fees.

[6] The franchise agreement states that all suits pursuant to the franchise agreement are to be governed by New York law. (Doc. 1, Franchise Agreement § 19.17.)

9.) The Lanham Act authorizes this Court enter an injunction "subject to principles of equity" when there is a dilution of a mark that has become famous 15 U.S.C. § 1125(c)(1). To obtain a permanent injunction under equitable principles a party must show that

> (1) it has suffered an irreparable injury; (2) remedies available at law . . . are inadequate to compensate for the injury; (3) considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008). By virtue of the default, the following relevant facts are admitted: (1) Marv-a-Les was originally a franchisee of STSI, (2) Marv-a-Les continued to use STSI's federally registered trademarks after the dissolution of the franchise agreement, and (3) the use of the trademark causes confusion among the public. (Doc. 4 ¶¶ 49-53.)

Here, Plaintiff meets the requirements for the issuance of a permanent injunction. First, if Marv-a-Les is allowed to use STSI's trademark, confusion between the brands will result, undermining the value of STSI's trademark.[7] Second, this

---

[7] Although the Eleventh Circuit Court of Appeals has held open the question of whether the presumption of irreparable harm in trademark cases has survived eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006), the Court has not applied the presumption because it is not necessary to establish irreparable harm in this case. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522

violation of STSI's right to exclude third parties from using its trademarks is not compensable through monetary remedies. See eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 395 (2006) (Roberts, C.J., concurring). Third, there is a substantial hardship to STSI resulting from the unauthorized use of its trademarks, which outweighs the harm caused to Marv-a-Les by requiring the repainting of some watercraft. Fourth, there is no concern that the public would be disserved by this injunction.

In light of the above, the Court finds it appropriate to issue the following injunction: Marv-a-Les is **ENJOINED** from any continued use of STSI trademarks, know how, and other STSI federal registrations.[8] It is **FURTHER ORDERED** that to the extent Marv-a-Les retains any documents, advertisements, signage, or

---

F.3d 1211, 1228 (11th Cir. 2008). Were the presumption applicable, it would only further strengthen the Court's conclusion.

[8] STSI has requested the Court enjoin Marv-a-Les from owning a ship with the color yellow on the hull. (Doc. 4 ¶ 53(a)). STSI has provided no proof that it has trademarked the color yellow, or that the trademarking of the color of a hull of a ship would be valid. Additionally, STSI has requested the Court require Marv-a-Les to announce the injunction over various medium. (Doc. 4 ¶ 53(b)). Again, STSI cites no authority supporting such a request. After careful consideration, the Court sees no need to issue these orders. Accordingly, the Court declines to issue these portions of the requested injunction at this time.

like material relating to STSI, that material is to be returned to STSI.[9]

## CONCLUSION

For the foregoing reasons, STSI's Application for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. The **Clerk of Court** is **DIRECTED** to enter an award of damages in the amount of **$256,839.89** and **CLOSE THIS CASE**. Further, Marv-a-Les is **ENJOINED** from any continued use of STSI trademarks, know how, and other STSI federal registrations. It is **FURTHER ORDERED** that to the extent Marv-a-Les retains any documents, advertisements, signage, or like material relating to STSI that material is to be returned to STSI.

SO ORDERED this 17th day of September, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[9] STSI has asked that the Court dispose of these items. (Doc. 4 ¶ 53(a)). After careful consideration, the Court finds it more appropriate that these items be returned to STSI. STSI cites no authority suggesting that it is appropriate for the Court to take possession of and destroy these items, and the Court finds it more appropriate that if STSI desires the destruction of these items STSI should bear the cost of such an operation.